**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Pearson WARE, Defendant-Appellant.**

**No. 84–5519
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

April 18, 1985.

558

Roy E. Black, Black & Furci, P.A., Miami, Fla., for defendant-appellant.

Stanley Marcus, U.S. Atty., Chris Mancini, David H. Lichter, Linda Collins Hertz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

**PER CURIAM:**

Appellant Ware appeals from his conviction, arising from a conditional plea agreement, for one count of receipt of a firearm by a convicted felon, 18 U.S.C. § 922(h)(1). The sole issue raised is whether the district court erred in granting the government's motion *in limine* to preclude Ware from presenting evidence that his Florida civil rights were restored after his state felony conviction.

The district court properly ruled that this evidence would be excluded. In *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983), the Supreme Court clearly held that postconviction state actions, such as expunctions, which grant certain relief from the effects of a state conviction, do not remove the federal firearms disabilities imposed by section 922(h)(1), because the application of section 922 is not dependent on state law. *Id.* at 118–21, 103 S.Ct. at 994–96. Therefore, the fact that Florida restored appellant's civil rights would be immaterial and irrelevant to a prosecution under section 922(h)(1). Furthermore, whether the appellant had actual, subjective knowledge that he was breaking the law by receiving the firearms is irrelevant, since knowledge is not an element of the crime defined by section 922(h). *United States v. Giles*, 640 F.2d 621, 627 (5th Cir. Unit A 1981). Therefore, appellant's belief that Florida's restoration of his state civil rights permitted him to lawfully receive firearms would be irrelevant and, thus, inadmissible at trial.

Since appellant's assertions are without merit, his conviction is AFFIRMED.